## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS C. WISE, | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 4:11-CV-01253** |
| | : | |
| vs. | : | **(Complaint Filed 7/5/2011)** |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF SOCIAL | : | **(Judge Caputo)** |
| SECURITY, | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

## BACKGROUND

The above-captioned action is one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Thomas C. Wise's claim for social security disability insurance benefits.

Under 42 U.S.C. § 405(g) and relevant case law, the court is limited to reviewing the administrative record to determine whether the decision of the Commissioner is supported by substantial evidence. Counsel for the parties are familiar with the five-step sequential evaluation process[1] that the Commissioner utilizes and the substantial evidence

---

[1]The Commissioner utilizes a five-step process in evaluating disability insurance benefits claims. See 20 C.F.R. § 404.1520; Poulos v. Commissioner of Social Security, 474 F.3d 88, 91-92 (3d Cir. 2007). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is engaging in substantial gainful activity, (2) has an impairment that is severe or a combination of impairments that is severe, (3) has an impairment or combination of impairments that meets or equals the requirements of a listed impairment, (4) has the residual functional capacity to return to his or her past work and (5) if not, whether he or she can perform other work in the national economy. Id. At step five of the sequential evaluation process, the burden of production temporarily shifts to the Commissioner to produce vocational evidence demonstrating that there are a significant

standard of review.[2]

Included in Wise's medical records are two MRI reports. An MRI of Wise's lumbar spine performed on March 22, 2004, revealed a disc herniation at the L5-S1 level which compressed the neural foramen. Tr. 346.[3] An MRI of Wise's lumbar spine performed on July 21, 2009, revealed a disk herniation at the L5-S1 level which compressed the left S1 nerve root and a Grade 1 anterior spondylolisthesis[4] of L5 on S1. Tr. 347. It was noted that

_____

number of jobs in the national economy that the claimant, given his or her residual functional capacity, can perform. Once the Commissioner satisfies this limited burden of production, the burden shifts back to the claimant to prove that the Commissioner cannot rely on the vocational evidence.

[2]Substantial evidence "does not mean a large or considerable amount of evidence, but 'rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)); Johnson v. Commissioner of Social Security, 529 F.3d 198, 200 (3d Cir. 2008); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence has been described as more than a mere scintilla of evidence but less than a preponderance. Brown, 845 F.2d at 1213. In an adequately developed factual record substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966).
Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter, 642 F.2d at 706, and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. Mason, 994 F.2d at 1064. The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. Johnson, 529 F.3d at 203; Cotter, 642 F.2d at 706-707. Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).

[3]References to "Tr.___" are to pages of the administrative record filed by the Defendant as part of his Answer on September 12, 2011.

[4]"The word spondylolisthesis derives from two parts - spondylo which means spine, and listhesis which means slippage. So, a spondylolisthesis is a forward slip of one

2

the disc herniation was slightly larger than in the MRI performed on March 22, 2004. Id.

Wise who filed an application for social security disability benefits on February 5, 2009, initially contended that he became disabled because of disorders of the back on February 1, 2004, but subsequently amended the onset date to May 20, 2009. Tr. 24, 79, 80, 152 and 159. His date last insured is December 31, 2010. Tr. 24.

After holding a hearing on June 29, 2010, an administrative law judge denied Wise benefits in a decision dated September 20, 2010, based on a finding that although Wise had a severe impairment, degenerative disc disease of the lumbar spine with herniated discs at L5-S1, and could not perform his prior heavy work as a landscape and construction laborer, he had the residual functional capacity to perform a limited range of sedentary work.[5]  Specifically, the administrative law judge found that Wise could perform the lifting,

_____

vertebra (i.e., one of the 33 bones of the spinal column) relative to another. Spondylolisthesis usually occurs towards the base of your spine in the lumbar area. . . Spondylolisthesis can be described according to its degree of severity. One commonly used description grades spondylolisthesis, with grade 1 being least advanced, and grade 5 being most advanced. The spondylolisthesis is graded by measuring how much of a vertebral body has slipped forward over the body beneath it." Spineuniverse.com, Spondylolisthesis: Back Condition and Treatment, http://www.spineuniverse.com/ conditions/spondylolisthesis/spondylolisthesis-back-condition-treatment (Last accessed September 26, 2012). Grad 1 spondylolisthesis is where up to 25% of the vertebral body has slipped forward over the vertebral body beneath it. Id. Symptoms of this condition include pain in the lower back, pain and weakness in one or both legs, and an altered gait. Id. Some people who have this condition exhibit no symptoms. Id.

[5]The terms sedentary, light, medium, and very heavy work are defined in the regulations of the Social Security Administration as follows:

> (a) *Sedentary work*. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.

carrying, walking, standing, and sitting requirements of sedentary work but that he required

a sit/stand option at will and he could never perform, inter alia, bending, stooping, kneeling,

---

Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

(b) *Light work*. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

(c) *Medium work*. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can do sedentary and light work.

(d) *Heavy work*. Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work.

(e) *Very heavy work*. Very heavy work involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more. If someone can do very heavy work, we determine that he or she can also do heavy, medium, light and sedentary work.

20 C.F.R. § 404.1567.

crouching, reaching above shoulder level, or climbing of ladders. Tr. 29.  Based on that residual functional capacity and the testimony of a vocational expert, the administrative law judge concluded that Wise could perform work as a call-out operator, surveillance system monitor, and machine tender/bonder,  and  that there were a significant number of such jobs in the national, regional and local economies. Tr. 33.

The present action was filed in this court on July 5, 2011, after the Appeals Council denied Wise's request for review.  On October 27, 2011, Wise filed a supporting brief and on November 28, 2011, the Commissioner filed an opposition brief.  The appeal[6] became ripe for disposition on December 12, 2011, when Wise filed a reply brief.

Because there were legal and factual errors committed during the administrative proceedings we will remand this case to the Commissioner for further consideration.  Wise raises three arguments.  We will only address two  of the arguments because they have substantial merit and are the primary basis for our remand of the case to the Commissioner.[7]   We will now briefly address the basis for remanding this case.

## DISCUSSION

In setting the residual functional capacity, the administrative law judge rejected the opinion of Howard M. Lebow, M.D., Wise's primary care physician.  On February 22, 2010, Dr. Lebow completed a Functional Capacity Assessment in which he opined that Wise could not perform full-time sedentary work. Tr. 348-352.  Notably, Dr. Lebow stated that

---

[6]Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal."  M.D.Pa. Local Rule 83.40.1.

[7]

Wise could sit for less than two hours in an 8-hour workday and would need to lie down at unpredictable times during a work shift. Id. In rejecting Dr. Lebow's opinion, the administrative law judge relied in part on what she referred to as the opinion of a state agency physician who reviewed Wise's medical records and determined that Wise could perform light work. Tr. 31-32. However, this was factual error because the individual, Amy Rosson, who reviewed Wise's medical records was not a physician but a non-medical state agency adjudicator. Tr. 79 and 334-340

This court has repeatedly found such statements from non-medical disability adjudicators insufficient evidence of a claimant's residual functional capacity. See, e.g., Ulrich v. Astrue, Civil No. 09-803, slip op. at 17-18 (M.D.Pa. December 9, 2009)(Muir, J.); Spancake v. Astrue, Civil No. 10-662, slip op. at 15 (M.D. Pa. December 23, 2010)(Muir, J.); Gonzalez v. Astrue, Civil No. 10-839, slip op. at 16 (M.D.Pa. January 11, 2011)(Muir, J.); Peak v. Astrue, Civil No. 10-889, slip op. at 25 (M.D.Pa. January 24, 2011)(Muir, J.); see also Dutton v. Astrue, Civil No. 10-2594, slip op. at 22 n. 32(M.D.Pa. January 31, 2012)(Munley, J.)

With respect to the reliance on a form completed by the state agency disability examiner, administrative law judges have been instructed to accord such documents no evidentiary weight. See Doc. 12, pages 14-15 in Edwards v. Astrue, Civil No. 10-126 (M.D.Pa.)(quoting a memorandum from the Chief Administrative Law Judge stating the policy of Social Security Administration prohibits Administrative Law Judges from according any weight to forms completed by the non-medical state agency disability examiners).

Wise argues that the error of the administrative law judge in considering the opinion of the non-medical state agency adjudicator requires that the case be remanded. We

agree with that argument and reject the Commissioner's argument that it was harmless error.

The Commissioner's counter argument is premised on the assertion that there was other

medical opinion evidence supporting the ALJ's residual functional capacity assessment. It

is true that there is such an opinion in the record from a state agency medical consultant

who performed a one-time evaluation of Wise. However, the ALJ used the opinion of the

non-medical state agency adjudicator to support her rejection of Dr. Lebow's opinion and we

do not know how the ALJ would have viewed Dr. Lebow's opinion in the absence of the

opinion of the non-medical state agency adjudicator. Tr. 32.

Wise also argues that the ALJ erred when she relied on the testimony of the

vocational expert without first addressing the conflict between the vocational expert's

testimony and the Dictionary of Occupational Titles in accordance with Social Security Ruling

00-4p ("SSR 00-4p"). This argument finds support in SSR 00-4p and a recent case decided

by this court. See Patrick v. Astrue, Civil No. 11-1040 , slip op. 10-12 (M.D.Pa. September

6, 2012)(Nealon, J.)(remanding the case to the Commissioner for failing to comply with SSR

00-4p).

Under SSR 00-4p an administrative law judge before relying on expert

vocational testimony must "[i]dentify and obtain a reasonable explanation for any conflicts

between occupational evidence provided by [the vocational expert] and information in the

Dictionary of Occupational Titles, including its companion publication, the Selected

Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles

(SCO), published by the Department of Labor" and "[e]xplain in the determination or decision

how any conflict that has been identified was resolved." The ALJ's residual functional

capacity assessment limited Wise to jobs that did not involve any reaching above shoulder

level.  The SCO defines "reaching" as "[e]xtending hand(s) and arm(s) in any direction[.]" It is also indicates that the call out operator and machine tender/bonder positions require occasional reaching which amounts to up to 1/3rd of an 8-hour workday. The vocational expert was asked a hypothetical question that included a prohibition on any overhead reaching and in response to that hypothetical question identified those two positions without explaining the inconsistency between his testimony and the SCO. The administrative law judge has a duty to develop the record and flesh out any inconsistencies.  SSR 00-4p requires the ALJ where the testimony from the vocational expert "appears to conflict with the DOT" to "obtain a reasonable explanation for the apparent conflict."  The ALJ failed to obtain such an explanation.

Our review of the administrative record reveals that the decision of the Commissioner is not supported by substantial evidence.  We will, therefore, pursuant to 42 U.S.C. § 405(g) vacate the decision of the Commissioner and remand the case for further proceedings.

An appropriate order will be entered.

s/A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

Dated: September 27, 2012

8